IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST DWAYNE RILEY, | : | Civil No. 3:21-cv-85 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| ATTORNEY GENERAL WILLIAM BARR, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

**I.   Background**

Plaintiff Ernest Dwayne Riley ("Plaintiff"), an inmate confined at the Federal Correctional Institution, Schuylkill, Pennsylvania, initiated this action pursuant to *Bivens*[1], 28 U.S.C. § 1331, and the Federal Tort Claims Act. (Doc. 1). Presently pending before the Court are Plaintiff's motions for appointment of counsel (Doc. 4) and for class certification (Doc. 2). For the reasons set forth below, the Court will deny the motions.

**II.   Discussion**

**A.   Motion for Appointment of Counsel**

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion "to request an attorney to represent any person

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1) the plaintiff's ability to present his or her own case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
(4) the plaintiff's capacity to retain counsel on his or her own behalf;
(5) the extent to which the case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept

section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*, 232 F. App'x 153 (3d Cir. 2007).

Here, Plaintiff bases the motion on his limited access to the law library, inability to investigate the facts, and the alleged complexity of the case. (Doc. 5). However, thus far, Plaintiff has demonstrated that he is capable of properly and forcefully prosecuting his claims. Despite Plaintiff's incarceration, investigation of the facts is not beyond his capabilities and he is familiar with the facts of his case. Moreover, the Court does not have a large group of attorneys who would represent this action in a *pro bono* capacity.

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motion for appointment of counsel will be denied, however the denial will be without prejudice. As the Court in *Tabron* stated:

> [A]ppointment of counsel under §1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* . . . even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

*Tabron*, 6 F.3d at 15-67. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Plaintiff.

### B.     Motion for Class Certification

Plaintiff moves for class certification and seeks to pursue claims on behalf of fellow inmates. (Docs. 2, 3). However, a *pro se* litigant lacks the capacity to represent the interest of his fellow inmates in a class action. *Scott v. Derose*, No. 4:15-cv-2379, 2016 WL 4440309, at *2 (M.D. Pa. Aug. 23, 2016); *Cahn v. United States*, 269 F. Supp. 2d 537, 547 (D.N.J. 2003); *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) (non-attorneys cannot litigate the rights of others); *Osei-Afriye v. Med. Coll. of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991). It is plain error to permit a *pro se* inmate litigant to represent fellow inmates. *Whalen v. Wiley*, Civ. No. 06-809, 2007 WL 433340, at *2 (D. Col. Feb. 1, 2007). However, a *pro se* litigant seeking class certification may "continue individually to pursue his claims." *Id.* To do so, the *pro se* litigant "must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights." *Id.*; *see also Nilsson v. Coughlin*, 670 F. Supp. 1186, 1190 (S.D.N.Y. 1987).

Accordingly, in accordance with the above law, Plaintiff's motion to pursue this action as a class action whereby Plaintiff seeks to act as agent or representative to pursue claims on behalf of fellow inmates, will be denied.

## III. Conclusion

Based on the foregoing, the Court will deny Plaintiff's motions to appoint counsel (Doc. 4) and for class certification (Doc. 2). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: July 22, 2021